IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>JAVIER JIMENEZ-RAMOS,<br><br>     Defendant. | 8:10CR238<br><br>ORDER |

  This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 77. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id*. The rules also provide that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion. *Id*.

  The defendant entered a plea of guilty on October 14, 2010, Filing No. 37; and on February 1, 2011, he was sentenced to 120 months. Judgment, Filing No. 59. Judgment was returned executed on defendant on May 27, 2011. Filing No. 68. He did not file a direct appeal. Jimenez-Ramos filed his motion to vacate on February 13, 2012. Filing No. 77. In his § 2255 motion, the defendant alleges that he did not knowingly and voluntarily enter his guilty plea due to ineffective assistance of counsel and that his attorney was ineffective for failing to object to and investigate certain issues related to sentencing.

  On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on

the basis of the record and briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Additionally, the defendant moves for interlineation to add the word "no" to his original § 2255 motion. Filing No. 79. The court has reviewed that request and will grant the motion. Also, the court notes that the defendant has listed additional Supreme Court cases for review.

Further, the defendant filed a motion for leave to file an amendment, Filing No. 78. Defendant argues that he has asked the court and the Clerk of Court's office for documents and has not received them. Defendant fails to tell this court what documents he needs. He just makes a generic assertion that he needs them. Accordingly, the court will deny the motion at this time. However, if the defendant wishes to file a motion asking for specific documents that are relevant to this § 2255 action, he may do so, and the court will consider the motion.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.
2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.
3. Defendant's motion for interlineation, Filing No. 79, is granted.
4. Defendant's motion for leave to file an amendment, Filing No. 78, is denied at this time.

Dated this 13th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge