IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiffs,<br><br>     vs.<br><br>JAVIER JIMENEZ-RAMOS,<br><br>            Defendant. | 8:10CR238<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant Javier Jimenez-Ramos' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). Filing No. 77. The defendant also filed a Motion for Copies of Specific Documents Relevant to his § 2255 motion. Filing No. 84. The defendant pleaded guilty to Count I of the Indictment to conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine. Filing No. 1, Indictment; Filing No. 37, Plea Hearing. On February 1, 2011, the court sentenced the defendant to a 120-month term of imprisonment followed by five years of supervised release with special conditions. Filing No. 59, Judgment.

In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel from his defense attorney, Michael Gooch. Filing No. 77. Specifically, the defendant sets forth six bases for this assertion: (1) the defendant did not understand the elements of the crime to which he entered a plea of guilty, (2) the prosecution lacked sufficient factual basis for a finding of guilt, (3) the court entered a disproportionate sentence when compared to the amount of methamphetamine attributable to the defendant, (4) Mr. Gooch failed to communicate the potential effect of the sentencing guidelines, (5) the defendant did not understand the waiver of his right to

appeal under the plea agreement, and (6) Mr. Gooch failed to object to an alleged exclusion of minorities from the grand jury that indicted the defendant.  Filing No. 77.

## I. The Law:  The Two-Prong Strickland Test for Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)).  Ineffective assistance of counsel issues are appropriately raised in collateral proceedings.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).  "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right.  *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).  In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had

2

performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010 (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Sinesterra*, 600 F.3d at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852. Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (8th Cir. 2010) (citing *Strickland*, 466 U.S. at 694). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King*, 595 F.3d at 852-53; see also *United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005) (discussing the court's duty to determine "whether there is a reasonable probability that the defendant would receive a different sentence"). "An error increasing a defendant's sentence by as

3

little as six months can be prejudicial within the meaning of Strickland." *Alaniz*, 351 F.3d at 368. A petitioner is entitled to relief under § 2255 if an error by appellate counsel costs a defendant the opportunity to present a meritorious argument on direct appeal. *King*, 595 F.3d at 853 (involving plain error in the dismissal of a direct appeal on the basis of an unenforceable appeal waiver).

## II. Discussion

As set forth below, the defendant's motion fails both parts of the *Strickland* test and is without merit. The record reflects that Mr. Gooch's performance was not deficient because the defendant understood the elements of the crime, admitted under oath that he committed that crime, and he understood what the effect of his plea would be under the sentencing guidelines. Filing No. 82, Plea Proceedings Transcript. Furthermore, even if Mr. Gooch's performance had been deficient, there is no evidence that the defendant was prejudiced in any way because he received the minimum sentence for the crime to which he pleaded guilty. *See* Filing No. 59, Judgment (sentencing the defendant to 120 months of imprisonment); 21 U.S.C. § 841(b)(1)(A) (imposing a ten-year minimum term of imprisonment).

### A. Defendant failed to establish that Mr. Gooch's performance fell below the range of competence demanded of attorneys in criminal cases.

Mr. Jimenez-Ramos' bases for his allegations of ineffective assistance of counsel are unsubstantiated. In his § 2255 motion, the defendant claims "the record reveals plainly that Mr. Jimenez . . . misunderstood the nature of the crimes with which he was charged" and that there was insufficient evidence to support a finding of guilt. Filing No. 77 at 5-6. The defendant also claims that he understood neither the implications of the

sentencing guidelines, nor the effect of the waiver of his right to appeal under the plea agreement.  Filing No. 77 at 10.

The record contradicts the defendant's factual assertions of ineffective assistance of counsel.  The defendant stated under oath that he understood the elements of the crime to which he pleaded guilty, and that he in fact committed the offense.  Filing No. 82 at 6, 16.  Furthermore, the transcript of the plea hearing reveals that the defendant had discussed his case, the plea agreement, and the sentencing guidelines extensively with Mr. Gooch.  Filing No. 82 at 8-9.  When prompted by the court, the defendant affirmatively stated he understood that his likely jail time would be "from ten [years] to life."  Filing No. 82 at 7.  Because the record contradicts the defendant's allegations of deficient performance, he fails to satisfy the first part of the *Strickland* test.

**B.     Defendant failed to show that any alleged deficient performance actually prejudiced the result of the proceedings.**

In his § 2255 motion, Mr. Jimenez-Ramos claims that the proceeding was prejudiced because his attorney's alleged deficient performance resulted in the acceptance of an unfair plea bargain.  Filing No. 77 at 8.  He says the sentence he received exceeded the proper length for the amount of methamphetamine attributable to him.  Filing No. 77 at 5.  The defendant asserts that no more than 31.5 grams of methamphetamine were attributable to him, and that a presentencing interview with the probation officer would have revealed that.  Filing No. 77 at 7-8.  The defendant claims that but for his attorney's deficient performance, he would have received a lower sentence or exercised his right to a jury trial.  Filing No. 77 at 8.

5

The record does not indicate any prejudice in this case because the sentence was appropriate for the amount of methamphetamine attributable to the defendant. Both the indictment and Mr. Jimenez-Ramos' statements at the plea hearing indicate that he conspired to distribute more than 500 grams, not 31.5. Filing No. 1; Filing No. 82 at 6. For that amount, the statutory minimum sentence is ten years, or exactly what the defendant received. *Compare* Filing No. 59, Judgment (sentencing the defendant to 120 months of imprisonment), *with* 21 U.S.C. § 841(b)(1)(A) (imposing a ten-year minimum term of imprisonment). In fact, the defendant received less than the suggested 121 to 151 month term of imprisonment under the guidelines. Presentence Investigation Report, Filing 57 at 13. Because the court sentenced the defendant to the minimum sentence he could have received for the crime to which he pleaded guilty, there was no possible better result for him. Therefore, Mr. Jimenez-Ramos' § 2255 motion fails to establish the prejudice prong of the *Strickland* test.

**C.     Defendant's remaining claims are without factual or legal merit.**

Mr. Jimenez-Ramos asserts that Mr. Gooch failed to challenge the selection of the grand jury on the basis that the use of voter records for selection excludes racial minorities. Filing No. 77 at 12-13. The court takes judicial notice of its Plan for Random Jury Selection 5 and notes that jurors are not exclusively drawn from the list of registered voters. While it is true that defendants have a right to be tried by a "jury drawn from a cross-section of the community . . . [t]his does not mean, of course, that every jury must contain representatives of all the economic, social, religious, racial, political and geographic groups." *Thiel v. S. Pac. Co.*, 328 U.S. 217, 220 (1946))

6

(citations omitted). The defendant fails to establish any facts showing discrimination either facially or as applied.

Defendant's fourth ground set forth in the § 2255 motion lists sixteen conclusory allegations. Filing No. 77 at 15-16. These claims do not satisfy Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requiring the movant to state the facts supporting each ground. 28 U.S.C. § 2255, Rule 2(b)(2). Furthermore, upon investigation of the record, the court finds no factual bases for any of these allegations. Because the record contradicts all of the defendant's claims, his § 2255 motion must be denied.

THEREFORE, IT IS ORDERED:

1. The defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 77, is denied.

2. The defendant's Motion for Copies of Specific Documents Relevant to his § 2255 motion, Filing No. 84, is denied as moot.

Dated this 21st day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge